IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATALIE HUBER,
In her capacity as
Executive Director, Service Delivery, Ministry of Social Services
On behalf of Her Majesty the Queen in Right of the Province of Saskatchewan,
CANADA,

    Petitioner,

v.                  No.

DENEEN GUDJONSON,

    Respondent.

## PETITION PURSUANT TO THE HAGUE CONVENTION AND PURSUANT TO THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT

Petitioner, through her attorney Geer Wissel Levy & Hartwell P.A. (Elizabeth Drotning Hartwell), for her Petition states as follows:

1. This Petition is brought pursuant to the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 ("Convention") and 42 U.S.C. § 11601 et seq., the International Child Abduction Remedies Act ("ICARA"). The Convention went into effect on July 1, 1988.

2. The objects of the Convention are: (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting States (Article 1); and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting State (Article 1).

3. The Convention applies to cases where a child under the age of sixteen (16) years has been removed from his or her habitual residence in breach of rights of custody of a

petitioner, which the petitioner had been exercising at the time of the wrongful removal or wrongful retention of the child.

4. The United States and Canada are signatories to the Hague Convention.
5. The Court has jurisdiction to hear and decide this matter pursuant to 42 U.S.C. § 11603.
6. Petitioner is a resident and citizen of Canada and brings this action in her capacity as Executive Director, Service Delivery, Ministry of Social Services on behalf of Her Majesty the Queen in Right of the Province of Saskatchewan, Canada.
7. On information and belief, Respondent is a citizen of Canada.
8. Respondent is the maternal grandmother of the minor child Carter Morin, born February 2011.
9. Carter is five years old.
10. Carter has lived in Canada for all but six months of his life, and so is habitually resident there.
11. Carter's biological parents are Merlin Morin (hereinafter "Father") and Natasha Tkachuk (hereinafter "Mother").
12. Father does not have a legal right of custody to the child.
13. Mother has a court-ordered right of access to the child.
14. Respondent is Carter's maternal grandmother. In August 2012 Carter was removed from Mother's custody and placed in the custody and care of Respondent. Pursuant to an Order dated August 7, 2012, Respondent was appointed Carter's Person of Sufficient Interest (PSI) custodian by the Court of Queen's Bench for Saskatchewan, Family Law Division, Judicial Centre of Saskatoon (hereinafter "Saskatchewan Court"). This appointment was facilitated and requested by Petitioner.

15. Petitioner remained involved in Carter's case and retained its right to custody of Carter, as Petitioner provided financial support to Respondent and monitored the placement to ensure Carter's safety.

16. In August 2013, Mother brought an application before the Saskatchewan Court to modify or terminate the Order of August 2012, seeking a return of Carter to her care.

17. At that time, Respondent had taken Carter to the United States and was uncooperative in returning to Canada to address Mother's request.

18. On January 7, 2014, Petitioner obtained an Interim Order from the Saskatchewan Court pursuant to the Saskatchewan Child and Family Services Act, Sections 35(1)(c) directing that Carter be placed in Petitioner's care.

19. Following Respondent's subsequent return to Canada, the Saskatchewan Court's January 22, 2014 Order returned Carter to Respondent's care on a number of strict conditions. The Saskatchewan Court then granted a series of further interim Orders with a number of restrictions, all of which provided Mother with an enshrined right of access. Petitioner's goal at the time was to transition Carter back into Mother's care.

20. Pursuant to Orders of the Saskatchewan Court dated January 22, 2014, May 27, 2014, and July 11, 2014, Carter was not to be removed from the Province of Saskatchewan except to facilitate visitation with Mother, or from the country of Canada under any circumstances.

21. In violation of these Orders, after July 2014, Respondent cut off all of Mother's access to Carter and absconded with Carter from Saskatoon.

22. On November 27, 2014, the Saskatchewan Court ordered that Respondent be apprehended by law enforcement and that Carter be removed from Respondent and placed in the custody of Petitioner.

23. Petitioner and her colleagues at the Ministry of Social Services have attempted to communicate with Respondent to ascertain her whereabouts, the safety and well-being of the minor child, and to obtain assurances that Respondent would return the minor child to Saskatchewan. Petitioner has offered to pay the costs of Respondent's travel for the purpose of returning the child.

24. Respondent has refused to cooperate in returning the child.

25. Respondent has been charged with parental child abduction pursuant to Section 283 of Canada's Criminal Code, and extradition proceedings are underway.

26. The exact date of Respondent's absconding with the child is unknown. Petitioner searched diligently for Respondent and the child and, with the assistance of the FBI, was able to determine Respondent's approximate whereabouts in Santa Fe, New Mexico in July 2015. Petitioner's understanding is that Respondent and the child resided in multiple shelters prior to obtaining an apartment within only a few months prior to the filing of this Petition.

27. Given the transient and unstable nature of Respondent's residence, the child is not well settled in his present surroundings.

28. Petitioner has a right of custody to the child and has standing to bring this action.

29. Respondent's actions have deprived Petitioner and Carter's mother Natasha Tkachuk of their custodial rights.

30. Given the urgency of this Hague Convention Petition, no authentication of any documents or information included with the Petition is required. 42 U.S.C. § 11605.

31. Pursuant to 42 U.S.C. § 11603(C), Respondent shall be given notice as required by the laws of the State of New Mexico, specifically Rule 1-004 NMRA. The Convention itself does not specify any specific notice requirements. ICARA provides that notice be given in accordance with the applicable law governing notice in interstate child custody proceedings. 42 U.S.C. § 11603(c).

32. Pursuant to Article 26 of the Hague Convention, Respondent should be ordered to pay reasonable attorney fees, costs, and expenses incurred by Petitioner herein.

WHEREFORE Petitioner respectfully requests this Court enter an Order:

1. Directing that the name of the child be entered into the national police computer database (N.C.I.C.) missing person section;
2. Directing that federal marshals and/or other law enforcement personnel be ordered to assist in picking up the child and returning him to the custody of Petitioner or his agents and allowing the prompt return of Petitioner and the minor child to Canada, their habitual place of residence;
3. Directing that the child's travel documents be surrendered with the child;
4. Requiring Respondent to pay Petitioner's costs and attorney fees; and
5. For such further relief as the Court deems just and proper.

Respectfully submitted,

GEER WISSEL LEVY & HARTWELL P.A.

By _____

Elizabeth Drotning Hartwell
Attorney for Petitioner
P.O. Box 7549
Albuquerque, New Mexico 87194
(505) 243-1733

## VERIFICATION

I, Natalie Huber, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America, that the contents of the foregoing Petition are true to the best of my knowledge, information and belief. I affix my signature hereto on behalf of Her Majesty the Queen in Right of the Province of Saskatchewan.

_June 27/2016_
Date

_Huber_
NATALIE HUBER

_____     )
_____     ) ss.
_____     )

SUBSCRIBED AND SWORN TO before me this 27 day of June, 2016, by Natalie Huber on behalf of Her Majesty the Queen in Right of the Province of Saskatchewan.

_____
NOTARY PUBLIC

My Commission Expires: June 30, 2020